# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD ALEXANDER | : | |
| Petitioner | : | |
| v. | : | Civil Action No. PJM-05-3477 |
| VETERANS ADMINISTRATION | : | |
| Respondent | : | |

o0o

## MEMORANDUM OPINION

Pending in this case is Respondent's Motion to Dismiss the Petition for Writ of Mandamus because the matter is moot. Paper No. 7. Petitioner has filed an Opposition to the motion. Papers No. 12 and 13. For the reasons that follow, the motion shall be granted.

In the Petition for Writ of Mandamus, Petitioner alleged that he requested "copies of all correspondence and or forms pertaining to [Cynthia Angelucci] receiving an apportionment of [Petitioner's] disability benefit. Paper No. 4. In a letter dated February 13, 2006, Respondent complied with Petitioner's request for documents. Paper No. 7 at Ex. 1. Petitioner admits that documents were provided to him in response to his request, but asserts that he seeks "more information" and does not want the case dismissed. Papers No. 12 and 13. He further alleges that the Department of Veteran Affairs is seeking to dismiss this case before it is established that his disability benefits were wrongfully apportioned to his ex-wife. Paper No. 13.

The only issue to be addressed in the case *sub judice* is whether Respondent has complied with its statutory duty to provide documents pursuant to the Freedom of Information Act. The request made by Petitioner concerned correspondence received from his ex-wife by the Veterans Administration. That information was provided to Petitioner, making the Petition for Writ of Mandamus moot. Mandamus will lie only to compel ministerial acts. *See Shoshone-Bannock Tribes*

*v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D. Md. 1975). In this case, there is no act to compel.

The additional information Petitioner seeks was not part of his original request: therefore, with respect to the additional documents sought, he has failed to establish that Respondent has failed to comply with a legal duty owed to him. *See In re First Fed. Savings and Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *Asare v. Ferro*, 999 F.Supp. 657, 659 (D. Md. 1998). Accordingly, this court does not have jurisdiction to consider Petitioner's claim regarding the additional information sought. *See* 28 U.S.C. § 1361; *see also National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993).

The Petition for Writ of Mandamus will be dismissed by separate order which follows.

March 31, 2006                                                   /s/
                                                         PETER J. MESSITTE
                                              UNITED STATES DISTRICT JUDGE